IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL MARQUEZ, and ABRON JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RENZENBERGER, INC., D/B/A HALLCON<br><br>Defendant | §§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. _____<br><br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Paul Marquez, and Abron Johnson, individually and on behalf of all others similarly situated, by and through their counsel, bring this Complaint against Renzenberger, Inc., d/b/a Hallcon ("Hallcon"), and hereby state and allege as follows:

### INTRODUCTION

1. Hallcon failed to pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Plaintiffs and all other similarly situated employees are non-exempt hourly employees who worked for Hallcon and received a shift differential in any workweek in which overtime was worked within the preceding statutory period.

3. Plaintiffs worked at Hallcon's location in Houston, Texas as non-exempt hourly employees who received shift differentials when working certain hours.

4. Pursuant to Hallcon's company-wide policies, practices, and/or procedures, Defendant failed to

pay Plaintiffs and other similarly situated non-exempt hourly employees the proper amount of overtime compensation due and owing pursuant to the FLSA.

5. Defendant's systematic violations of the FLSA were willful in that Defendant either knew that its policies, practices, and/or procedures violated the FLSA or acted with reckless disregard as to whether or not its policies complied with the law.

6. Plaintiffs, individually, and on behalf of all other similarly situated employees, bring this lawsuit as a collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendants.

## JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

9. Plaintiff Marquez is a resident of the State of Texas. He was employed by Hallcon for approximately two and a half years. Plaintiff Marquez was at all times a non-exempt, hourly employee at Defendant's place of business located in Houston, Texas.

10. Plaintiff Johnson is a resident of the State of Texas. He is a current employee of Hallcon and has worked for Hallcon for approximately one year. Plaintiff Johnson is a non-exempt, hourly employee at Defendant's place of business located in Houston, Texas.

11. Defendant Renzenberger, Inc., d/b/a Hallcon is a Foreign For-Profit Corporation engaged in commerce and subject to the FLSA. Defendant may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas

75201

12. At all relevant times herein, Defendant Hallcon was an enterprise engaged in commerce or in the production of goods for commerce and has enjoyed gross receipts in excess of $500,000 during each of the years within the statutory period.

13. Defendant was at all times pertinent to the allegations in this complaint, an "employer" within the meaning of 29 U.S.C. § 203(d) of Plaintiffs and similarly situated individuals.

## GENERAL ALLEGATIONS

14. Plaintiffs re-allege the allegations set forth above.

15. Plaintiffs and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant at any of their locations nationwide and who received a shift differential in any workweek in which overtime hours were also worked during the applicable statutory period.

## MISCALCULATION OF OVERTIME

16. Plaintiffs re-allege the allegations set forth above.

17. Pursuant to state/federal law, Plaintiffs and the putative class members are non-exempt hourly employees who must be paid overtime in an amount of one and one-half times their "regular rate" of pay for all hours worked in excess of forty hours in a workweek.

18. Plaintiffs and the putative class members are non-exempt hourly employees who were paid a shift differential that was not factored into the calculation of overtime compensation as required by the FLSA.

19. An employee's "regular rate" is generally determined by "dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." *See e.g.* 29 C.F.R. § 778.109. Pursuant to 29 U.S.C. § 207(e) and 29 C.F.R. 778.207(b), "nightshift differentials" as those paid by Defendant to non-exempt hourly employees must be included in the "regular rate" for purposes of calculating overtime compensation due and owing.

20. Defendant's policy, practice, and/or procedure is to fail to properly calculate the overtime rate by failing to include the shift differential in the regular rate in the calculation of overtime compensation.

21. Plaintiffs and the putative class members regularly worked overtime and received shift differential pay during such workweeks and Defendant's policies, practices, and/or procedures resulted in a failure to pay all overtime compensation due and owing.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs re-allege the allegations set forth above.

23. Plaintiffs bring the FLSA claim, arising out of Defendant's unlawful policies, practices, and/or procedures regarding the calculation and payment of overtime compensation, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiffs and the following class:

    All employees classified by Defendant as non-exempt hourly employees who received shift differential pay during any workweek in which such individual worked overtime within the preceding three-year period and who worked at any of Defendant's locations nationwide.

24. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice where employees congregate.

25. Defendant violated the FLSA by failing to pay Plaintiff and the putative class members all overtime compensation due and owing for all overtime hours worked in a workweek.

26. Specifically, as discussed above, Defendant's policies, practices, and/or procedures were to fail to properly calculate the Regular Rate of pay by failing to include shift differential pay within the regular rate of pay. As a result, Defendant's policies, practices, and/or procedures resulted in a systematic failure to pay all overtime compensation due and owing in violation of the FLSA.

27. Defendant's policies, practices, and/or procedures described above were to unlawfully and willfully fail to properly pay its non-exempt employees pursuant to the FLSA.

## DEMAND FOR JURY TRIAL

28. Plaintiff hereby requests a trial by jury of all issues so triable.

## PRAYER

29. Plaintiffs and the putative class members respectfully ask for judgment against Defendant and pray this Court:

    a. Issue notice to all similarly situated employees of Defendant informing them of their right to file Consents to Join the FLSA portion of this action;

    b. Award Plaintiffs and the putative class members damages for all unpaid overtime compensation due under 29 U.S.C. § 216(b);

    c. Award Plaintiffs and the putative class members liquidated damages under 29 U.S.C. § 216(b);

    d. Award Plaintiffs and the putative class members pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiffs and the putative class members attorneys' fees and costs under 29 U.S.C. § 216(b); and

    f. Award Plaintiffs and the putative class members such other relief as the Court deems fair and equitable.

Respectfully submitted,

**MISHOE MILLER LAW, PLLC**

*/s/ Michelle Mishoe Miller*
Michelle Mishoe Miller
Texas Bar No. 24044991
Southern District No. 997007
Michelle.Miller@mishoemillerlaw.com
4309 Yoakum Blvd.
Houston, Texas 77006
Tel: (713) 521-6575
Fax: (832) 550-2073

**ATTORNEY FOR PLAINTIFFS**